CALLAHAN CONST. Co. *et al. v.* RAYBURN.

[69 South. 669.]

1. MASTER AND SERVANT. *Independent contractors. Who are. Trial verdict. Sufficiency.*

Where a railroad company entered into a contract with a contractor for the execution and removal of dirt from one part of its right of way to another and it was provided in the contract that the railroad company's trains should have preference over those of the contractor, that the contractor's train crew should be such as were satisfactory to the railroad company's superintendent and required to pass such examination as he might prescribe, that any who were unsatisfactory, might be discharged, and that the contract should not be sublet save with the consent of the railroad company's chief engineer, and where the chief engineer consented to the subletting of part of the contract, and plaintiff, an employee of the railroad company, was directed to report to the contractor for service on one of his trains, and while so engaged, was injured through the negligence

of a fireman employed by the subcontractor over whom the principal contractor exercised no control.   In such case the contractor was not liable for his injuries, the negligent servant being that of an independent contractor.

2. SAME.

An independent contractor is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished.

3. MASTER AND SERVANT. *Independent contractor. Who are.*

As the railroad company had supervision over the employees of the subcontractor, such contractor was not as to it an independent contractor, and plaintiff could recover from the railroad company.

4. TRIAL. *Verdict. Sufficiency.*

In a suit against two defendants, a verdict that "we the jury, find for the plaintiff and assess his damages at five hundred dollars," was sufficiently definite.

APPEAL from the circuit court of Harrison county.

HON. T. H. BARRETT, Judge.

Suit by C. A. Rayburn against the Callahan Construction Company and the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendants appeal.

Appellant the Louisville & Nashville Railroad Company, desiring to have certain dirt excavated and removed from one point upon its right of way to another, entered into a contract with appellant Callahan Construction Company, by which the construction company undertook to do the work in accordance with the terms of the contract entered into.   This contract provided how, when, from, and to where this dirt should be excavated and removed, and the compensation  the  construction company should receive therefor, but reserved to the railroad company no control over the means by which the work was to be accomplished except with reference to the running of trains over its road by the Callahan Company when moving the dirt from the place where it

was excavated to the point on the railroad company's right of way where they desired to use it. That provision of the contract is as follows:

"All the work shall be done in such a manner as not to interfere with or delay the movement of the railroad company's trains, and all movements of the contractors' equipment over the railroad company's main and side tracks shall be under such rules and restrictions as said division superintendent may prescribe. The railroad company shall not be liable to the contractors for any loss or delay on account of contractors' trains being delayed by movements of the railroad company's revenue trains, it being understood and agreed that the contractors' trains shall at all times keep out of the way of the railroad company's trains, and the railroad company's trains shall have preference in movements over the main track."

"The contractors' train crews shall be such as are satisfactory to the railroad company's division superintendent, and shall be required to pass such examinations as to their fitness or efficiency as said division superintendent may prescribe. Any of the contractors' employees engaged in the movement of contractor's trains over the railroad company's main track who are not satisfactory to the railroad company's division superintendent, shall be discharged at his request."

This contract also contains a clause which provides that:

"It is further agreed that the work to be done under this contract shall not be sublet without the consent of the chief engineer of the railroad company, but shall be done by the contractors, parties to this contract, unless he approves of subletting it, in which event the contractors, parties to this agreement, shall be responsible for the proper performance of the contract."

With the consent of the railroad company's chief engineer, according to undisputed evidence introduced on behalf of the Callahan Construction Company, this com-

pany entered into a contract with King & Clark, a partnership, by which King & Clark undertook to do for it the work it had agreed to do for the railroad company in accordance with the terms of its contract with that company; and thereafter the work was proceeded with by King & Clark in accordance with these contracts.

Appellee while in the employ of appellant railroad company was ordered by it to report to Callahan & Company for service on trains used by it in transporting dirt over the company's road. While so engaged he was injured by reason of the negligence of the fireman of the train upon which he was then discharging the duties of flagman. This fireman, together with the engineer—and, so far as the evidence discloses, all the other persons engaged in running the train—was in the employ of King & Clark. The suit was filed against the railroad company and the construction company, King & Clark not being made parties thereto.

*Gregory L. Smith* and *Joel W. Goldsby,* for appellants.

As the undisputed evidence showed that the plaintiff was injured by the negligence of the fireman and that the fireman was an employee either of the Callahan Construction Company or of King & Clark, and not an employee of the Louisville & Nashville Railroad Company, the railroad could not be made liable for injuries resulting from his negligence.

It is true that it was the duty of the railroad company to furnish its employees a safe place to work, and to exercise reasonable care not to associate him with incompetent co-workers. *Howd.* v. *M. C. R. R. Co.,* 50 Miss. 178; *Memphis R. R. Co.* v. *Thomas,* 51 Miss. 637. But there is no evidence that the place where plaintiff worked was unsafe or that the fireman whose negligence caused the injury, was incompetent.

The charge of the court given at the request of the plaintiff, as applied to the Louisville & Nashville Rail-

road Company is in direct conflict with the law as stated in the foregoing authorities, and declares that the railroad company was liable for the negligence of the servant of the Callahan Construction Company. This was erroneous as a statement of the law, either under the common law or under the statute. Under the common law, the employer is not liable to an employee for the negligence of a co-servant in the same employment, and under the statute the employer is made responsible to one employee only for the negligence of another employee of the same master.

It follows that the charge given for the plaintiff was erroneous in so far as it authorized a verdict against the Louisville & Nashville Company.

If the fireman was employed by the Callahan Construction Company, as hypothecated by the charge, then that company was liable to the plaintiff for the negligence of the fireman, whether plaintiff was in the employment of the construction company or not. If the plaintiff and the fireman were both employed by the Callahan Construction Company, the liability arose out of the statute; while if the plaintiff was not in the employ of the Callahan Construction Company, then that company was liable to him under the common law for the negligence of its servant, but the undisputed evidence was that the fireman was not in the employment of the Louisville & Nashville Railroad Company, and as the railroad company could not be liable for his negligence unless he was in its employ, the court erred in not giving on behalf of the Louisville & Nashville Railroad Company, the affirmative charge.

*Rushing & Guice,* for appellants.

The inquiry in this case is whether King & Clark were independent contractors or servants of the appellant. We quote the following authorities in support of our contention that King & Clark were independent contractors.

"A railroad company may contract for the construction of its road by another person, without retaining any

control over the manner of doing the work, or may make such contract with regard to repairs on its road; (and, in case of injuries occurring from the negligence or misconduct of a contractor or his employees, or during his control of the road the liability of the railroad company, as in the case of natural persons, depends upon whether the contractor was the agent or employee of the company, or was an independent contractor). 33 Cyc. 698 (and this question is determined primarily by whether the railroad company had the right to control the manner of doing the work. *Rome et al. Ry Co.,* v. *Chasteen,* 88 Ala. —7 So. 99; *Cunningham* v. *International Ry. Co.,* 51 Texas 503, 32 Am. Rep. 632; *Bibb* v. *Norfolk Ry. Co.,* 87 Va. 711, 1455 E. 163.); or in possession or control of the road or the operation of the train thereon at the time and place of injury . . . If the contractor for the construction is an independent contractor, the company will not be liable for his negligence or wrongful acts. See 41 Century Digest, title Railroads 793-798'' *City etc. Rys. Co.* v. *Morres,* 80 Md. 348, 30 Atlantic 645; 45 Am. St. Report 345; *Mayor etc.,* v. *McCary,* 84 Ala. 469, 4 So. 630; *Myer* v. *Hobbs,* 57 Ala. 75; *Cunningham* v. *Railroad Co.,* 51 Tex. 503; *Railway Co.* v. *Fitzsimmons,* 18 Kan. 34; *Hughes* v. *Railway Co.,* 39 Ohio St. 461; 1 Shear. & R. Neg. pp. 158; *Railroad Co.,* 71 Mo. 303; 2 Amer. Dig., p. 1738; *L. & N. Ry. Co.* v. *Cheatham,* 100 S. W. 902, 118 Tenn. 160; *Good* v. *Johnson,* 88 Miss. 439; 7 Amer. Dig. 1907A., p. 3364-65; *Good* v. *Johnson,* 88 Pac. 439; 8 Amer. Dig. (N. C., 1909), p. 1830; *Smith* v. *South & W. R. Co.,* 66 S. E. 435, 151 N. C. 479; 4 Amer. Dig. (La. 1908), p. 2015; *Cole* v. *La. Gas Co;* 146 So. 801, 121 La. 771; *Ford* v. *Same,* Id.; 7 Amer. Dig. (N. Y. Sup. 1909), p. 1826; *L. & N. Ry. Co.* v. *Smith, Adm.,* 119 S. W. 291; 6 Amer. Dig., (W. Va. 1908,) page 1626; *Vickers* v. *Kanawha & W. V. R. Co.,* 63 S. E. 367, 20 L. R. A. (N. S.) 793; *Hooe* v. *Boston & N. St. Rys. Co.,* 73 N. E. 341; *Boyd* v. *Ry. Co.,* 75 N. E. 496.

It is insisted that the case of *Finkbine Lumber Co.* v. *Cunningham,* 57 So. 916, is authority for the proposition that the subcontractors herein were servants and not independent contractors. The facts in the two cases are radically different. In the case at bar, the appellant had no connection as servants with the railroad company, being contractors engaged in this line of work and executing a contract to cover every detail of the work. The firm of King & Clark were not employees of the appellant, but did their work under contract, setting out in detail what they were to do and renting such equipment as was necessary for them to use in performing their agreement. There is no testimony to show that any employee of the appellant exercised supervision over the work.

In conclusion we quote the opinion of Justice CAMPBELL, *in Buckner* v. *Ry. Co.* 18 So. 449, 72 Miss. 873.

"The precise question here presented is the right of a servant of the lessee to recover of the lessor for a cause of action he has against the lessor, his employer, for an injury received by the use of defective machinery leased. Pretermitting any expression of opinion not called for by this case, we have no hesitation to say that the servant of the lessee must recover, if at all, from his master and not another. 'To his own master he standeth or falleth. To him is answerable and to him he must look for redress for all injuries sustained in his service.'"

*Mize & Mize,* for appellee.

It is true that King & Clark were not independent contractors. An independent contractor is one who represents the master's will only as to the work completed while the ordinary servant represents the master's will not only as to the work completed but also as to the means and details he uses in completing the work.

The contract between Callahan Construction Company and King & Clark made the contract between the Louisville & Nashville Railroad Company and Callahan Con-

struction Company part of the contract between Calla-
han Construction Company and King & Clark; so said
contract between the Louisville & Nashville Railroad
Company and Callahan Construction Company and King
& Clark were bound by its terms, and its terms were such
that said railroad company had control of the parties,
whoever they might be, who were doing the work, as to
the means and manner and practically every detail of the
work. Let us see some of the details which bound King
& Clark since it was part of the contract between King
& Clark and the Callahan Construction Company.

The first paragraph of the contract gives details as to
how the labor should be performed; the second para-
graph the same way; the third the same way; the fourth,
the same way; the fifth the same way; the sixth. the same
way; and at pages 68, 59, and 70 of the record we find
the following paragraph of said contract:

"The contractors' train crews shall be such as are sat-
isfactory to the Railroad Company's Division Superin-
tendent, and shall be required to pass such examinations
as to fitness or efficiency as said Division Superintendent
shall prescribe; and any of the contractors' employees
engaged in the moving of contractors' trains over the
Railroad Company's main track who are not satisfac-
tory to the Railroad Company's Division Superintend-
ent shall be discharged at his request.'

This clearly shows that the Louisville & Nashville
Railroad Company had supervision over the exact kind
of labor that should be used under its contract with Cal-
lahan & Company; and of course it would have the same
authority over King & Clark, sub-contractor of Calla-
han Construction Company. We think this paragraph
sufficient to show that King & Clark were not independ-
ent contractors.

The contract further provided that the construction
company should conform to the laws and regulations of
the state of Mississippi as to the condition of its rolling
stock.

If there ever was a contract wherein the contractor, to wit, the Louisville & Nashville Railroad Company, had full control of the manner and means of doing the work and supervision over its contractee, this is one.

The contract also provided that the contractee should insure the employees in a responsible insurance company. This was testified to by McCauley, secretary of the Callahan Construction Company, who would send a man down to see if King & Clark were doing the work properly, and that he would stop by to see how the work was getting along; that if King & Clark had not been doing the work properly, Callahan Construction Company would have compelled them to do it properly. Wilkerson testified that Keller, superintendent of Callahan Construction Company, came down about Christmas and took charge of the work and supervised and gave orders concerning the work.

In other words, the acts relied on by Callahan Construction Company to show that King & Clark were independent contractors are not sufficient to show that King & Clark were independent contractors. The trouble with appellant, Callahan Construction Company, in its contention in this respect, is that it fails to draw a distinction between an independent contractor who represents the master's will only as to the work turned out, and a subcontractor who may be, as in this case, under the supervision of the master as to the details and manner of doing and completing the work.

King & Clark were clearly not independent contractors. *Cunningham* v. *Finkbine Lumber Company,* 101 Miss. 492, and cases there cited.

The Louisville & Nashville Railroad Company is liable in this case on the theory that one who loans or hires his servants to another is liable for its servants getting hurt by the negligence of the one to whom the servants are loaned or hired.

4 Thompson on Negligence, sec. 3725, lays down the following:

"It has been held that the owner of a building in process of construction by an independent contractor, who lends to such contractor a gang of his own employees, is responsible for an injury resulting to one of them through being put into a dangerous place under the orders of his foreman. The contractor also is liable."

So under the above authority, Callahan Construction Company and Louisville & Nashville Railroad Company, if there was negligence, are both liable.

In the case of *Roe* v. *Winston,* 86 Minn. 77; s. c. 90 N. W. 122, the court lays down the following doctrine:

"The defendant partners were engaged in the work of railroad construction, and had contracted to do certain grading on the line of a railroad. The railroad company furnished defendants with certain work trains with employees to operate them. The servants who took charge of the trains remained in the general employ of the railroad company but were paid by defendants and were under their direct control for the time being. The plaintiff, a brakeman on said train, was injured by the negligence of the engineer. It was held that the servants in control of the train were for the time being the servants of defendant, and defendants were liable.'

This case is strikingly like the instant case. in this case appellee was loaned to the Callahan Construction Company under penalty of discharge if he objected to being loaned.

So our contention is that both of appellants, Callahan Construction Company and Louisville & Nashville Railroad Company, are liable, but, as this is a case of joint tortfeasors, the court may reverse as to one and affirm as to the other or affirm as to both, but, in any event, appellee's judgment should be affirmed.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above). The principal complaint of appellants is that the court below refused to grant them a peremptory instruction.

The ground upon which this instruction was sought is that appellee was not injured by reason of their or their servants' negligence but by the negligence of a servant of King & Clark, independent contractors, over whose servants appellants had no control.

"An 'independent contractor' is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished." 4 Words and Phrases, 3542.

"Where one person is employed to do certain work for another who, under the express or implied terms of the agreement between them, is to have the right of exercising control over the performance of the work, to the extent of prescribing the manner in which it shall be executed, the employer is a master, and the person employed is his servant." 1 Labatt's Master and Servant, 9.

Tested by these definitions, it seems clear that, in so far as the Callahan Construction Company is concerned, King & Clark were independent contractors, and that no verdict should have been rendered against it.

The servant of a contractor may be, under some circumstances, the servant also of the principal employer, and such is the case (1 Labatt's Master and Servant, 123) when, "That by virtue of the original agreement between the principal employer and the contractor the former acquired the right of giving directions to the servants of the latter with regard to the manner in which the work was to be done. Manifestly, under such circumstances, the contractor is not, in the proper sense of the term, an 'independent contractor,' and, according to the decided preponderance of authority, both he and such

persons as he may engage for the work in hand are in
law the servants of the principal employer for all pur-
poses.'' When, in addition to the right to direct the
manner in which work is to be done by the servants of a
contractor, the principal employer reserves the right to
require the contractor to discharge such of his (the con-
tractor's) servants as are not satisfactory to him (the
principal employer), then there can be no doubt that
the servants of the contractor are servants of the prin-
cipal employer. This is the exact situation here in so far
as the running of trains by the servants of Callahan &
Company and of their contractors, King & Clark, over the
road of appellant Louisville & Nashville Railroad Com-
pany is concerned. It is true that the contract between
this company and Callahan & Company, the obligation of
which in this respect was assumed by King & Clark, does
not in express terms confer upon it the right to control
the servants of Callahan & Company while engaged in
the running of trains upon its road, but ''a provision in
an agreement which confers upon the superior employer
the right of controlling the contractor himself in respect
to the details of the work must necessarily imply that he
is to retain the right of controlling, to the same extent,
the servants who are the instruments through whom the
contractor performs the work. Otherwise such a pro-
vision would be meaningless and ineffectual.'' 1 Labatt's
Master & Servant, 126.

It follows from the foregoing views that the court
below erred in permitting a verdict to  be  rendered
against Callahan & Company, but committed no error in
that regard in so far as appellant Louisville & Nashville
Railroad Company is concerned.

The verdict rendered was in the following language:
''We, the jury, find for the plaintiff and assess his dam-
ages at five hundred dollars.'' One of the contentions of
appellants is that this verdict should be set aside for the
reason that it is ''too indefinite. It was for the plaintiff,

but did not specify whether it was against one or both of the defendants." There is no merit in this contention.

The judgment of the court below, in so far as it affects the Callahan Construction Company, will be reversed,. and the cause to that extent dismissed; but, in so far as it affects the Louisville & Nashville Railroad Company, the judgment of the court below is affirmed.

*Reversed.*

*Affirmed.*