ment and order. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Successor Trustee by Merger to BANK OF MANHATTAN TRUST COMPANY, as Successor Trustee by Merger to AMERICAN TRUST COMPANY, under a Certain Mortgage or Deed of Trust Made by SILRAP CONSTRUCTION Co., INC., Bearing Date January 1, 1926, Respondent, v. SILRAP CONSTRUCTION Co., INC., and Others, Defendants, Impleaded with HARRY H. NEWBERRY and Others, Individually and as Committee for the Protection of Holders of Bond Certificates under the Mortgage or Deed of Trust by SILRAP CONSTRUCTION Co., INC., to AMERICAN TRUST COMPANY, as Trustee, Dated January 1, 1926, Appellants, and CLINTON M. WOODFORD and Others, as Committee for the Protection of Holders of First Mortgage Six and One-half Per Cent Sinking Fund Loan Certificates Issued under and Pursuant to the Provisions of the Trust Mortgage Dated January 1, 1926, Made by SILRAP CON-STRUCTION Co., INC., to AMERICAN TRUST COMPANY, as Trustee, and Another, Respondents.— Interlocutory judgment appealed from unanimously affirmed, with costs against the appellants. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY DE CAPRIO, Appellant.* — Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, affirmed. No opinion. Lazansky, P. J., Young and Carswell, JJ., concur; Kapper and Davis, JJ., dissent and vote to dismiss the information upon the ground that there was no sale of beer within the meaning of the statute.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ESTHER SCHACHTER, Respond-ent, v. " CLARA " KAHN, First Name Being Fictitious, True First Name Unknown to Plaintiff, Also Known as Mrs. ADOLPH KAHN, and JULIUS I. KAHN, Appellants. — Order dismissing writ of habeas corpus and awarding custody of the infant to her father, in so far as appealed from, modified by eliminating the provisions thereof entitling Esther Schachter, the maternal grandmother, to the right of visitation and the right of custody, and the provision that the father shall inform the maternal grandmother of any change in residence of the infant, and as so modified affirmed, without costs. In habeas corpus proceedings brought by a maternal grandmother against the father of a child, in whose custody the child is, the court has no power to grant a right of visitation to a maternal grandmother where it appears that the father is a proper guardian of the child. (*People ex rel. Prior* v. *Prior*, 112 Misc. 208; *Matter of McDevitt*, 101 id. 588; *People ex rel. Klee* v. *Klee*, 202 App. Div. 592.) In *People ex rel. Reid* v. *Cavanagh* (236 App. Div. 759) the question was not raised and there were suggestions of consent. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

ALEXANDRA ROBINSON and Others, Respondents, v. WOODSIDE-ASTORIA TRANS-PORTATION Co., INC., Appellant, and Others, Defendants.— Judgment unani-mously affirmed, with costs. The court's interpretation of the verdict was correct. (*McMahon* v. *Hetch-Hetchy, etc., Ry. Co.*, 2 Cal. App. 400; *Pelton* v. *Goldberg*, 81 Conn. 280; *Callahan* v. *Rayburn*, 110 Miss. 107; *Houston* v. *Ladies' Union Branch Association*, 87 Ga. 203; *Morrissey* v. *Schindler*, 18 Neb. 672; *Atkinson* v. *Lawrence*, 161 Ky. 166; *Jeansch* v. *Lewis*, 1 S. D. 609; *Wilson* v. *Means*, 25 Kan. 83; *Crockett & Sons* v. *Anselin*, [Tex.] 132 S. W. 99.) Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

* Affd., 264 N. Y. 642.