THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH J. MARKS, Respondent, for a Writ of Habeas Corpus against EDWARD J. GRENIER, Appellant, to Produce the Body of MYRON E. GRENIER.

First Department, February 11, 1937.

*Edward J. Grenier* of counsel [*Harold I. Gold* with him on the brief; *Rapport & Gold*, attorneys], for the appellant.

*Robert Daru* of counsel [*Oswald Vischi* with him on the brief; *Daru, Hellman & Winter*, attorneys], for the respondent.

MARTIN, P. J. The father of the infant involved in these proceedings has been found to be a proper person entitled to the custody of his child. The original order of November 15, 1935, granting the grandmother the right of weekly visitation was entered on his consent. Thereafter, as was his right, he sought a modification thereof.

In *People ex rel. Schachter* v. *Kahn* (241 App. Div. 686), a habeas corpus proceeding brought by a maternal grandmother against a father who had the custody of his child, the court held it had no power to grant the petitioner a right of visitation where it appeared that the father was a proper guardian. The original order here not only undertook to give the right of visitation to the maternal grandmother, but undertook to confer some rights upon a maternal aunt and uncle.

In *People ex rel. Sisson* v. *Sisson* (271 N. Y. 285) the Court of Appeals said: " In proceedings for the custody of children the courts have reiterated that their sole point of view is the welfare of the child. * * * No end of difficulties would arise should judges try to tell parents how to bring up their children. Only when moral, mental and physical conditions are so bad as seriously to affect the health or morals of children should the courts be called upon to act."

Frankness should have prompted the father to make full disclosure with reference to the Massachusetts adoption proceeding. Whether the withholding of information concerning this was intentional or not we do not now undertake to determine. That, however, has no bearing on the merits of the situation. The fact remains that the father has been held to be entitled to the custody of his child. Sentimental reasons might prompt continued contact between the child and his maternal relatives, but, on the facts disclosed by this record, we do not deem it essential to the child's welfare to direct such continued contact.

The order appealed from should be reversed, and the order of August 12, 1936, reinstated.

McAvoy and Glennon, JJ., concur; O'Malley and Untermyer, JJ., concur in the reversal of the order appealed from in so far as it extends the privilege of visitation accorded to the maternal grandmother by the order of November 15, 1935. The order of November 15, 1935, entered on the consent of the respondent, should in their opinion remain undisturbed.

Order appealed from reversed and the order of August 12, 1936, reinstated.