SARAH J. MARKS, Petitioner, *v.* EDWARD J. GRENIER, Respondent.

Domestic Relations Court of City of New York, Children's Court Division,
Bronx County, December 30, 1937.

*Daru, Hellman & Winter* [*Oswald Vischi* of counsel], for the petitioner.

*Harold I. Gold*, for the respondent.

PANKEN, J. Statutory courts are governed by the statutes creating them, and their jurisdiction is prescribed by the acts establishing them.

Section 18 of article 6 of the Constitution of the State of New York, in part, provides: " The Legislature may establish Children's Courts, and Courts of Domestic Relations, as separate courts, or

as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary for the correction, protection, guardianship and disposition of delinquent, neglected or dependent minors."

Pursuant to the powers granted by the Constitution to the State Legislature, chapter 482 of the Laws of 1933 was enacted, which constitutes the Domestic Relations Court Act under which this court was established. The Constitution specifically granted to the Legislature the power to confer upon courts established under such power " such jurisdiction as may be necessary " for the protection of neglected or dependent minors.

Subdivision 1 of section 61 of the Domestic Relations Court Act reads:

" Children. The Children's Court in each county shall have exclusive original jurisdiction within such county to hear and determine all cases or proceedings involving the hearing, trial, parole, probation, remand or commitment of children actually or apparently under the age of sixteen years, or who were under the age of sixteen years when the act or offense is alleged to have been committed, or the right of action in such case or proceeding accrued, who are, or who are alleged to be (a) delinquent, (b) physically handicapped, (c) material witnesses, (d) mental defectives, (e) neglected, and shall also have jurisdiction to appoint guardians of the person of such children, and to grant orders for the adoption of such children. Such court shall also have jurisdiction in proceedings to determine the question of the rightful custody of such children if their custody is subject to controversy and such custody or controversy relates to their immediate care."

Upon the Domestic Relations Court of the City of New York the Legislature conferred " exclusive original jurisdiction " in the counties embraced in the city of New York to " hear and determine " the rights and the protection of neglected children under the age of sixteen years.

There has been an inordinate amount of unfortunate litigation between the petitioner in this proceeding, who is the grandmother, and the father of the child involved.

The matter came on for the first time before the Supreme Court of the State of New York on a writ of habeas corpus instituted by the petitioner for the custody of the child. That proceeding was resolved by an order entered on or about the 15th day of November, 1935.

In the determination of the question presented upon the order to show cause before me why an order should not be made dis-

missing the petition herein, for lack of jurisdiction, the fifth and sixth provisions of that order may be pertinent. These provisions read:

(5) " That the respondent maintain said infant child in his home, 663 Casanova Street, in the Borough of Bronx, City of New York, and that the respondent and his wife, Jane Grenier, shall personally care for said infant."

(6) " On each Sunday the respondent shall take the infant to the home of the relator, the maternal grandmother, at 3:00 P. M. for a weekly visitation and the said infant shall remain in the company of the relator and/or Ida Marks and/or said Lester H. Marks for a two-hour period until 5:00 P. M."

In the year 1936 the petitioner and the child's father were again in the Supreme Court, at that time before another justice, and on the twelfth day of August of that year an order was entered modifying the order entered on the 15th day of November, 1935, to the extent of deleting and striking from the said order of November 15, 1935, provision No. 6, hereinbefore referred to and which took from the grandmother of the child involved, the petitioner herein, the right of visitation of her grandchild.

The order of August 12, 1936, was thereafter by an order dated the 6th day of November, 1936, changed, and in effect the order entered November 15, 1935, was reinstated and extended. From the latter order the father of the child appealed to the Appellate Division. That determination was reversed by the Appellate Division and upon an appeal to the Court of Appeals by the father of the child, the Appellate Division's determination was affirmed. (See *People ex rel. Marks* v. *Grenier*, 249 App. Div. 564; affd., 274 N. Y. 613.) The appeal by Edward J. Grenier from the determination of the Appellate Division was addressed to the fifth provision of the order of November 15, 1935. Both the Appellate Division and the Court of Appeals upheld the provision in the order of November 15, 1935," That the respondent [in the habeas corpus proceeding in the Supreme Court, and the father of the child herein] maintain said infant child in his home, 663 Casanova Street, in the Borough of Bronx, City of New York, and that the respondent and his wife, Jane Grenier, shall personally care for said infant."

The enforcement of the order made by the Supreme Court is a matter for that court. A violation of the provisions of any of its orders may be punished as contempt of that court.

Has the Domestic Relations Court of the City of New York, under the act establishing it, jurisdiction in a case wherein an order was made by the Supreme Court of the State of New York with regard to the custody of a child?

In a case where neglect of a child endangers its morals and its health, the Children's Court Division of the Domestic Relations Court has original jurisdiction; and upon a petition showing such state of facts, this court would take jurisdiction. The fact that an order was made by another court giving custody of a child to a person would not militate against the jurisdictional powers of this court on a state of new facts showing such neglect.

The welfare of the child, its protection against menace to its health and morals, has been intrusted to this court. An order made by another court effecting the custody of a child or directing that it be cared for by one or more persons, on a showing that the child's morals and health are in imminent danger will not divest this court of the expressed powers granted to it to protect the child.

An order made determining the custody of a child is not *res judicata* as to future acts that might constitute neglect of the child. Such order merely adjudicates the rights of the parties as to which should have custody of the child. Upon a showing of changed circumstances and conditions, the custody of the child may also be changed. To hold that an adjudication once made awarding custody of a child to a person has the effect of permitting that person to continue to have custody of that child regardless of his ability to provide for and regardless of his conduct toward the child, is contrary to good sense and is contrary to law.

The petitioner before me can apply to the Supreme Court for modification of the order affirmed by the Court of Appeals, as justice may require, upon a showing that the respondent in the proceeding in the Supreme Court is unable to care for the child or is no longer fit to have custody thereof. That, however, does not preclude any person or agency to present to the Domestic Relations Court of the City of New York a petition alleging the neglect of the child herein, nor does it preclude this court from making a finding of neglect if the facts so warrant and provide for the proper care of this child.

This court is not a criminal court. It has been so held on appeal by the Court of Appeals in the case of *Matter of Kane* v. *Necci* (269 N. Y. 13). Chief Judge Crane in that case held, in effect, that the Domestic Relations Court of the City of New York does not partake of the nature of a criminal court.

A petition, however, presented to the court charging neglect of a child must state facts as they affect the child at the time the petition is presented.

The petition before me alleges that some ten or eleven months ago the child had not been properly cared for. The allegations

of improper guardianship and underweight and undernourishment are not alleged to be existing at the time the petition was signed. Its improper feeding, and that the child is confined to a dark kitchen refers back to a period ten months antedating the petition. These conditions may no longer exist. Other allegations in the petition are redundant. They are not material to the issue to be tried by the court. The petition is wholly insufficient. The court cannot, as is suggested in the affidavit submitted in opposition to this application, incorporate in the petition the statements contained in such affidavit, and if incorporated it would not cure the defects in the petition.

In *People ex rel. Sisson* v. *Sisson* (271 N. Y. 285) the Court of Appeals held: " In proceedings for the custody of children the courts have reiterated that their sole point of view is the welfare of the child. * * * Only when moral, mental and physical conditions are so bad as seriously to affect the health or morals of children should the courts be called upon to act."

An allegation that dietetic instructions as to the care of the child in question prescribed in January of 1937 have not been complied with in January, 1937, does not indicate danger to the moral, mental or physical condition of the child nor does an allegation that the child had been kept in a dark kitchen in February, 1937, indicate that. The allegations in a petition of which this court will take jurisdiction must be specific and must relate to a condition now existing, not one existing some time in the past.

Petition is dismissed without prejudice.