Love, J.
This appeal is from an order granting the right of visitation upon a three-year-old infant, in the custody of his widowed mother, both living in the home of her parents, to his paternal grandparents, over the objection of the mother. There had been altercations and unpleasantness on earlier visitations of the paternal grandparents and the father under a previous order which was vacated as to visitations by the paternal grandparents following the death of the father.
The proceeding was properly addressed to the equity side of the court, as formerly to the chancellor, as parens patries. (Finlay v. Finlay, 240 N. Y. 429.)
Such an appeal is proper when intervention of the court as parens patries is necessary for the welfare of the child.
We do not feel that upon this record, such a showing has been made.
We do not find, and counsel for the appellant says he does not find, a precedent in the courts of this State.
In a Louisiana case (Matter of Reiss, 46 La. Ann. 347 [1894], a grandmother sought an order compelling the father of children to send them to her for visits. The court wrote that the question was there presented for the first time in that State and the note states that the question seems to have been presented for the first time in this country. The District Court had decreed that the grandmother should visit the children at the father’s house and that the father should send the children to visit her. The grandmother, on her appeal to the Louisiana Supreme Court complained of the judgment insofar as she was to visit the children and asked that it be limited to the imperative duty of the children to visit her.
It was held that the Judge shall not be the arbitrator between the grandparent and the father in a case where there is no proper reason to do so and the decree, in its entirety, was annulled.
Moreover, where no appeal to the equity side is made and where there is no matrimonial action, cases shedding light upon the principle of law involved here are those in which writs of habeas corpus have been sued out.
*288 One such, relating to the right of visitation, not custody, is the case of People ex rel. Marks v. Grenier (249 App. Div. 564).
The right of visitation of a child by a maternal grandmother, had been granted by an order, which had been originally consented to by the father who had been found to be a proper person entitled to custody of the child.
He subsequently sought a modification of the order, and it was reversed.
A case cited therein is People ex rel. Schachter v. Kahn (241 App. Div. 686), in which it was held that the court had no power to grant a maternal grandmother a right of visitation against a father’s wishes, where it appeared that the father was a proper guardian.
There the original order included a right of visitation to the maternal grandmother and some rights to a maternal aunt and uncle.
Also cited therein, is the case of People ex rel. Sisson v. Sisson (271 N. Y. 285) a habeas corpus proceeding in which custody was sought. It was there held that, in such proceedings the courts have reiterated that their sole point of view is the welfare of the child, that no end of difficulties would arise should Judges try to tell parents how to bring up their children and that only when moral, mental and physical conditions are so bad as seriously to affect the health or morals of children should the courts be called upon to act.
Further, on the theory that visitation is custody for a limited time, it remains an interference with complete custody pro tanto and parents, whose fitness for custody is not questioned, as here, are given, by the uniform decision of courts of this State, regardless of the type of proceeding (petition to the equity side of the court, as parens patries, habeas corpus, adoption, guardianship proceedings in Surrogate’s Court) — custody paramount to the world.
Can it be doubted that during her husband’s lifetime and assuming the parents were living together, that the grandparents could not have enforced visitation against the joint will of the parentsÍ By the husband’s death, the sole authority and will is in the mother. The father’s authority and will are no longer in existence. The authority and will of the father cannot, by any means, and certainly not by a court be transferred to the grandparents.
In this case, all that happened between the father and mother and the paternal grandparents during the son’s life, including court orders, is entirely irrelevant. Also irrelevant are the *289 financial benefits inuring to either the mother or child by reason of the father’s death.
It follows, therefore, that here, where the mother is the proper, natural and legal custodian of her child, unwilling to have visitation by the petitioners, and the welfare, contentment, peace of mind and happiness of the child do not make it essential to have continued contact with the grandparents, that the court cannot interfere simply to better the moral and temporal welfare of the child as against an unoffending parent, even if such a result would be accomplished. In this case we do not believe it would be accomplished even if the court had power to order it.
The order should be reversed and the petition dismissed.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Order reversed on the law, without costs of this appeal to any party and proceeding dismissed, without costs.