■ In the Matter of AMOS HH and Others, Alleged to be Permanently Neglected Children. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALMON JJ et al., Appellants.—Appeal from an order of the Family Court of St. Lawrence County, entered December 13, 1976, which adjudged Amos HH, Robert JJ and David JJ to be permanently neglected children, terminated parental rights and awarded custody to the petitioner. In July, 1970 the three children involved in this proceeding were voluntarily placed in foster care by Mr. JJ. On April 28, 1971 an order was entered, pursuant to stipulation, awarding custody of the children to the respondent. While one of these three children has been in foster care continuously since July, 1970, one was returned to the parental home in May, 1971 and the third was returned in April, 1972. On October 23, 1973 these latter two children were returned to foster care and have remained in foster care since that date. The St. Lawrence County Department of Social Services filed petitions in April, 1976 to have the children adjudged permanently neglected and to have parental rights terminated. Following fact-finding and dispositional hearings the petitions were granted and this appeal ensued. Initially, the parents contend that the children came into foster care illegally and, therefore, the petitions should have been dismissed. In our view, however, whether or not fact-finding and dispositional hearings were held at the time of the original order awarding custody of the children to the respondent is not dispositive of the issue at bar. To permanently terminate a parent's custody of a child pursuant to section 614 of the Family Court Act a petition alleging that the child is in the care of an authorized agency is required. The requirement of an allegation that the child *has been placed* in the care of an authorized agency was deleted from that section in 1975 (L 1975, ch 700, § 2). It is the opinion of this court that the Legislature intended to necessitate only that the child be in the care of an authorized agency, without regard to the legality of the process through which the child came into such care. Consequently, the legality of the children's placement in foster care is irrelevant in this proceeding. The parents next contend that the agency failed to use diligent efforts to reunite the family. On the contrary careful examination of the record reveals substantial efforts by the agency encouraging the parental relationship. Although the agency's efforts decreased somewhat in 1975, the parents' attitude at that time, manifested by their missing appointments, infrequent

contacts with two of the children and little interrelationship with the third despite fairly regular visits, demonstrates the futility understandably perceived by the agency. The diligent efforts of the agency to encourage and strengthen the parental relationship are sufficiently evidenced in the record. In their final contention, the parents argue that petitioner failed to sustain its burden of proving that the parents failed to maintain contact with or plan for the future of the children. Even though parents may maintain contact with their children, the failure to plan for the future of the children, in and of itself, suffices to support a determination of permanent neglect *(Matter of Orlando F.,* 40 NY2d 103). The record, considered as a whole, evinces a complete lack of any meaningful planning by the parents to facilitate the return of the children to a stable home life. Such failure to plan on the part of the parents was sufficiently proved by respondent and we can find no reason to disturb the court's order. Order affirmed, without costs. Sweeney, J. P., Mahoney, Larkin, Mikoll and Herlihy, JJ., concur.