■ In the Matter of JUDY V. et al., Alleged to be Permanently Neglected Children. WARREN COUNTY DEPT. OF SOCIAL SERVICES, Respondent; BEVERLY W., Appellant.—Appeal from an order of the Family Court, Warren County, entered September 23, 1976, which adjudged that each of the four children of appellant were permanently neglected and permanently terminated appellant's parental rights. In 1971, appellant's children were found to be neglected, removed from her custody and placed in foster care. The Warren County Department of Social Services petitioned in May of 1975 to have the children adjudged permanently neglected and to have parental rights terminated. Prior to this time, appellant had made infrequent and sporadic visits to the children. Appellant changed her residence several times during this period and for the majority of time was without a telephone. The record reveals that several letters were written to appellant by the Department of Social Services but the letters were left unanswered by appellant. The Warren County Family Court determined that the children were perma-

nently neglected and terminated appellant's parental rights. This appeal ensued. Although appellant contends that the department failed to use diligent efforts to strengthen the parental relationship, a thorough examination of the record leads this court to the opposite conclusion. We are also of the opinion, based on our review of the record, that appellant failed to substantially plan for the future of the children. A finding of a failure to plan is itself sufficient to sustain a determination of permanent neglect (*Matter of Orlando F.,* 40 NY2d 103; *Matter of Amos HH,* 59 AD2d 795). Consequently, the determination as to permanent neglect was proper. Appellant also maintains that her parental rights should not have been permanently terminated. An order of disposition is based solely on the best interests of the children (Family Ct Act, § 631). In reviewing an order such as the present one, the findings of the Family Court must be accorded the greatest respect (see *Matter of Irene O.,* 38 NY2d 776). Considering the record as a whole, we are of the view that the court's termination of appellant's parental rights should not be disturbed. We have considered appellant's remaining arguments and find them unpersuasive. The order, therefore, must be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.