■ In the Matter of KAREN L., a Child Alleged to be Neglected. GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LUCILLE L., Appellant. — Appeal from an order of the Family Court of Greene County, entered April 7, 1980, which found respondent's daughter to be permanently neglected and directed that adoption proceed. A petition was filed by the Greene County Department of Social Services on February 25, 1980, alleging that respondent's daughter was a neglected child, as defined in section 1012 of the Family Court Act. A hearing was held April 3, 1980, at which the department presented the testimony of respondent's daughter and a neighbor. The child, 13 years old at the time, testified that she and her mother often argued and that her mother often physically abused her. In particular, the child testified that her mother pushed her down some stairs, causing an injury to her arm, that her mother struck her with a table leg and that her mother threatened to use a knife on her. The neighbor's testimony corroborated the existence of a poor relationship between respondent and her daughter, but there was no evidence to support the child's testimony of physical abuse. Respondent testified that she did not push, strike or threaten her daughter. Family Court determined that "the record on this petition and the previous proceedings in this case in this court as well as the unsuccessful efforts to reestablish the parent-child relationship all point toward the conclusion that the only solution to the case is a finding of permanent neglect." Having so found, Family Court directed that adoption proceed. There are currently only three routes by which an individual or agency can terminate a parent's right to a child, thereby making him or her available for adoption: an adoption proceeding pursuant to article 7 of the Domestic Relations Law brought by the individual who wishes to adopt; a guardianship proceeding pursuant to section 384 of the Social Services Law brought by an authorized agency; and a permanent neglect proceeding pursuant to article 6 of the Family Court Act and section 384-b of the Social Services Law brought by an authorized agency or a foster parent authorized

to do so by court order (see *Matter of Anonymous [St. Christopher's Home]*, 40 NY2d 96, 97-98). Family Court apparently considered this case to fall within the latter route. We conclude that there must be a reversal for the failure to comply with the pleading requirements essential to a permanent neglect proceeding. Pursuant to section 384-b (subd 3, par [f]) of the Social Services Law, a proceeding originated in Family Court to terminate parental rights and free a child for adoption must be conducted in accordance with the provisions of part 1 of article 6 of the Family Court Act. Section 614 of that act provides that a permanent neglect proceeding is originated by a petition containing certain specific allegations. "In a proceeding constituting one of the most severe intrusions by the State into an individual's life — the *permanent* termination of his parental rights — the allegations in the petition * * * should carefully adhere to the statutory requirements" *(Matter of Anita "PP"*, 65 AD2d 18, 21). "Exacting procedural safeguards are a necessity when parental rights are sought to be interfered with, as those rights have long been recognized and fervently guarded" *(Matter of Roy Anthony A.*, 59 AD2d 662, 663). We have previously indicated that a permanent neglect petition must, pursuant to section 614, allege that the child is in the care of an authorized agency *(Matter of Amos HH*, 59 AD2d 795) and that the agency has made diligent efforts to encourage and strengthen the parental relationship *(Matter of Anita "PP"*, supra). We now hold that where the petition fails to contain these and other allegations required by section 614 of the Family Court Act, the court lacks jurisdiction to make a finding of permanent neglect and make a disposition based thereon. It should also be noted that section 384-b (subd 3, par [e]) of the Social Services Law requires that the petition contain a notice informing the parties that the proceeding may result in an order freeing the child for adoption. Since the petition herein is patently inadequate to commence a permanent neglect proceeding, the order finding permanent neglect and directing that adoption proceed must be reversed. The petition is, however, sufficient to commence a neglect proceeding (Family Ct Act, art 10), and rather than going beyond the boundaries of such a proceeding into the realm of permanent neglect, the court should have made findings and a disposition appropriate for a neglect proceeding. Accordingly, we remit the matter so that the court may do so. Finally, nothing contained herein should be construed as barring the department from commencing a permanent neglect proceeding upon an appropriate petition, if it be so advised. Order reversed, on the law, with costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.