█ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JEAN G., Respondent. PATRICIA G., Appellant. [640 NYS2d 153] █

The instant petition was brought in 1991 for guardianship and custody of the child Jean G. and to terminate the parental rights of her mother due to the mother's mental illness (Social Services Law § 384-b [4] [c]). The evidence adduced at the fact-finding hearing established, by the requisite clear and convincing standard (Social Services Law § 384-b [3] [g]; *see, Matter of Hime Y.,* 52 NY2d 242), that as a result of her affliction with a schizo-affective disorder, the mother was presently and for the foreseeable future would be unable to provide proper and adequate care for the child (*see, Matter of Pauline Y.,* 193 AD2d 686; *Matter of Norma Jean H.,* 179 AD2d 759). However, notwithstanding the sufficiency of the evidence, which also demonstrated that the child was doing well in the foster care of her aunt, her proposed adoptive parent, the dispositional order must nevertheless be reversed on jurisdictional grounds.

Social Services Law § 384-b (3) (e) clearly mandates that a petition brought under section 384-b must be accompanied by an express warning that the proceeding may result in an order freeing the child for adoption without the consent of or notice to, among others, the parents. This warning must also advise the parent that he or she has the right to counsel, including the right to assigned counsel if he or she is financially unable to retain counsel. While the notice provision of the instant summons alerted the mother to the fact that the petition sought custody and guardianship of the child, and could result in the termination of parental rights, it made no mention whatsoever of the possibility that it could also result in the adoption of the child without the mother's consent as expressly mandated by the statute. The summons likewise was deficient insofar as it omitted any reference to the mother having any right to counsel, retained or assigned. Accordingly, inasmuch as the summons failed to include the requisite warnings, it is defective and the proceeding must be dismissed (*see, Matter of Phillip Whitney B.,* 199 AD2d 1061; *Matter of Karen L.,* 80 AD2d 681). However, our dismissal is without prejudice to the service of a new summons and petition containing the mandated warnings if the petitioner be so advised. In this regard, we note that the mother's contentions that the instant proceed-

ing was barred by res judicata as a result of the dismissal of a 1990 petition to terminate her parental rights are without merit. The evidence adduced in the instant proceeding concerned subsequent allegations of neglect not covered by the 1990 petition (*see, Jorgensen v Jorgensen,* 86 AD2d 861; *Matter of Denlow,* 87 Misc 2d 410; *Matter of Grenier v Grenier,* 165 Misc 784).

In light of our determination we need not reach the mother's remaining contentions. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.