■ In the Matter of REBECCA KK. and Others, Children Alleged to be Permanently Neglected. SCHENECTADY COUNTY DE-

partment of Social Services, Respondent; Marilyn LL., Appellant. [796 NYS2d 720]—

Lahtinen, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered June 21, 2004, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent was adjudicated to have permanently neglected her three children (born in 1992, 1993 and 1994) based upon her admission to various allegations, including that she was the repeated victim of domestic violence perpetrated by her paramours (*cf. Nicholson v Scoppetta*, 3 NY3d 357, 371-372 [2004]). Following a dispositional hearing, her parental rights were terminated. Respondent appeals.

We find merit to respondent's contention that the petition was jurisdictionally defective because it failed to include statutorily mandated notices. A petition seeking to terminate parental rights based upon allegations of permanent neglect must set forth several important notices, including one that "shall inform the parents . . . that the proceeding may result in an order freeing the child for adoption without the consent of or notice to the parents" (Social Services Law § 384-b [3] [e]). A proceeding seeking to permanently terminate a parent's rights "constitut[es] one of the most severe intrusions by the State into an individual's life" and, thus, "[e]xacting procedural safeguards are a necessity" (*Matter of Karen L.*, 80 AD2d 681, 682 [1981] [internal quotation marks omitted]). The failure to include the requisite statutory warnings results in a jurisdictional defect (*see Matter of Nassau County Dept. of Social Servs. [Jean G.]*, 225 AD2d 779, 780 [1996]; *Matter of Karen L., supra* at 682).

Here, the petition in the record does not include the statutorily required notices. Indeed, petitioner has not asserted on appeal that such notices were set forth in any document served upon respondent in the permanent neglect proceeding and we are unpersuaded by petitioner's argument that respondent waived the jurisdictional defect by not asserting it before Family Court (*see generally Matter of Neftali D.*, 85 NY2d 631, 636-637 [1995]; *Matter of Shane B.*, 4 AD3d 650, 651 [2004]). Finally, we note that, while the defective petition must be dismissed, this does not preclude petitioner from pursuing a permanent neglect

determination based upon a proper petition (*see Matter of Nassau County Dept. of Social Servs. [Jean G.], supra* at 780).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.