■ In the Matter of JOHN KK. and Others, Children Alleged to be Permanently Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARILYNN LL., Appellant. [825 NYS2d 793]—

Lahtinen, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered December 29, 2005, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of three children (born in 1992, 1993 and 1994). A previous determination that she permanently neglected her children was reversed because of a jurisdictional defect (*Matter of Rebecca KK.*, 19 AD3d 763 [2005]). Petitioner then brought this permanent neglect proceeding. Respondent admitted the material allegations at the fact-finding hearing resulting in a determination of permanent neglect. Following a dispositional hearing, Family Court terminated her parental rights, freeing the children for adoption. Respondent appeals.

We turn first to respondent's argument that she did not receive the effective assistance of counsel. A parent facing allegations of permanent neglect is entitled to an attorney and the legal representation afforded must be meaningful in order to be considered effective (*see Matter of Brenden O.*, 20 AD3d 722, 723 [2005]; *Matter of Nicholas GG.*, 285 AD2d 678, 679-680 [2001]). The crux of respondent's claim is that her attorney should not have permitted her to stipulate to the allegations in the petition. However, she had made admissions in prior proceedings acknowledging the facts that constituted the basis of the current petition. Moreover, during the dispositional hearing, counsel thoroughly cross-examined witnesses, presented witnesses supportive of respondent's position, made appropriate objections, elicited evidence of respondent's abusive childhood as well as the progress she had made, and urged Family Court to consider a suspended judgment. It is not our role to second-guess an attorney's strategy (*see Matter of Anjoulic J.*, 18 AD3d 984, 987-988 [2005]; *Matter of James HH.*, 234 AD2d 783, 785 [1996], *lv denied* 89 NY2d 812 [1997]). Review of the record reveals that the representation afforded respondent was meaningful.

Respondent next argues that, under the current circumstances where she admitted the allegations of permanent neglect, Family Court erred in not considering her request for

postadoption visitation. Although a court may order postadoption visitation when the termination results from a voluntary surrender under Social Services Law § 383-c, an adversarial proceeding pursuant to Social Services Law § 384-b does not afford such option (*see Matter of Jessi W.*, 20 AD3d 620, 622 [2005]; *Matter of Rita VV.*, 209 AD2d 866, 868-869 [1994], *lv denied* 85 NY2d 811 [1995]). Here, the termination occurred within the context of an adversarial proceeding and, while the adoptive parents may agree to visitation, a court will not order such visitation (*see Matter of William W.*, 23 AD3d 735, 736 [2005]). We further note that it is clear that Family Court's dispositional decision was based on its determination of the best interests of the children, and the record supports that determination.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.