220 So.2d 184 (1969)
In re STATE of Louisiana in the Interest of Frances Elaine THAXTON and Roger Dale Crosby, Minors.
No. 7601.
Court of Appeal of Louisiana, First Circuit.
March 10, 1969.
*185 Keith M. Whipple, Houma, for appellant.
Wilmore J. Broussard, Jr., Houma, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
SARTAIN, Judge.
The City Court of Houma, sitting as the Juvenile Court for the Third Ward of Terrebonne Parish, declared the minor children, Frances Elaine Thaxton, age three years, and Roger Dale Crosby, age six months, neglected within the purview of L.R.S. 13:1570 et seq. and awarded their custody to the Louisiana Department of Public Welfare (Department). The mother of the children, Delores Louise Crosby, respondent-appellant, has appealed to this court seeking a reversal of the judgment and the return of the children.
On December 20, 1967 the Police Department of the City of Houma received a complaint about the physical condition of Frances Elaine. Pursuant to this complaint the child was removed from the home of respondent and taken to the Terrebonne General Hospital where she remained overnight. Because of her condition Roger Dale Crosby was also physically removed from the home of respondent. Both children remained in the hospital overnight and on December 21, 1967 the judge signed an order granting the provisional custody of these children to the Department of Public Welfare. On December 28, 1967 respondent filed a motion seeking the return of the children and a rule nisi was issued directing the Department to show cause on January 4, *186 1968 at 10:00 A.M. why the order of December 21, 1967 should not be recalled, vacated and set aside and the care, custody and control of the children returned to respondent.
On December 29, 1967, Wilmore J. Broussard, Jr., acting in his official capacity (L.R.S. 13:1574) as District Attorney of the Seventeenth Judicial District filed a petition seeking to have the children declared neglected and their custody granted to the Department for foster care. The petition alleges inter alia that the two children resided with their mother in the City of Houma; that the whereabouts of their father is unknown; that respondent physically mistreated Frances Elaine, inflicted injuries to said child "thereby causing unjustifiable pain and suffering * * *"; that the environment and associations of the respondent are such as to be injurious to the welfare of the children; and therefore respondent is unable to properly and adequately care for them. In essence this is a juvenile petition attacking the fitness of the mother on the grounds that she physically mistreated and inflicted injuries to the older of the two children.
The hearing was had on January 4, 1968 and at the conclusion thereof the trial judge handed down oral reasons and determined that Frances Elaine Thaxton was the victim of harsh and brutal treatment at the hands of the mother which warranted the removal of both children. Accordingly, he declared both children neglected and granted their custody to the Department. The judgment was signed on January 19, 1968.
Respondent urges that she did not physically abuse her child except possibly on one occasion when she may have disciplined her daughter a little too severely. She claims that she has a paramount right to the custody of the children and that the State has failed to show sufficient reasons for denying her this right. She also urges that the State has failed to prove that "she caused the children unjustifiable pain and suffering". She concludes by urging that the State had failed to bear the burden of proving that the children were in fact neglected.
At the trial below and here on appeal respondent urged error on the part of the judge who permitted evidence tending to impugn and reflect upon her character. The State claimed that the evidence relative to the children's paternity was admissible to show that the whereabouts of their father is unknown thus satisfying the requirement that the petitioner must give the names or residences of the juvenile's parents (L.R.S. 13:1574). It was stipulated that the whereabouts of the children's father is unknown. We are satisfied that the evidence was admissible for the limited purpose of satisfying the aforementioned requirement. Further, the trial judge in his oral reasons for judgment stated that "* * * the court is not too concerned as to the moral problem that has been presented insofar as these young children are concerned but the court is strongly concerned about the bruises which this small child did sustain, which was testified to by the doctor and Mother Blanche * * *". It is clear to us that the judge a quo's determination of neglect was not based upon any evidence that might be deemed inadmissible under the pleadings.
The law in cases such as this is well settled and may be briefly stated thusly: The deprivation of a parent of the custody of his or her child is a harsh proceeding and as here the mother is entitled to their custody unless it is shown by legal and competent evidence that she is morally, mentally, or otherwise unfit or incapable of caring for them, or, that for some other reason, it would be detrimental to the children's health, safety or welfare to permit them to remain with the mother. In re State in the Interest of Elliott, 206 So.2d 802 (2d La.App., 1968). However, it is also well settled that even the paramount *187 right of a mother to the custody of her children is subject to the authority of the State to deprive her thereof if she is morally, mentally or otherwise unfit or incapable of caring for the children, or if the children's welfare so requires. State ex rel Rothrock v. Webber, 245 La. 901, 161 So.2d 759; State ex rel. Brode v. Hatcher, 233 La. 636, 97 So.2d 422; State ex rel. Paul v. Department of Public Welfare, La.App., 170 So.2d 549.
The burden of proving that a parent is unfit or incapable of caring for a child rests with the State who has in fact and in law interceded in the affairs of the parent for the sake and in the interest of the child. State ex rel. Paul v. Department of Public Welfare, supra.
In cases involving the custody of children a great deal of discretion is accorded to the trial judge and his decision will not be reversed on appeal except in the clearest case of abuse of such discretion.
We are of the opinion that the trial judge's decision in declaring these children neglected, removing their custody from the mother and awarding the same to the Department for foster care is fully supported by the record and that his decision is in the best interest of both children.
The issues presented in this case is one of fact and that fact leads to the inevitable and regretful conclusion that we have here a case of child brutality. The trial judge based his decision entirely on sworn testimony and did not have to rely upon reports, depositions, or other evidence that might deprive him the opportunity of observing first hand the evidence upon which he was to resolve the case.
The facts are as follows: A complaint was received by the Police Department of the City of Houma and Lt. Lora Rhodes and Officer Viteaux were dispatched to the home of the children. On arrival they observed that Frances Elaine had sustained large and severe bruises over the greater portion of her body. They took the child to Terrebonne General Hospital where she was examined by Dr. Ernest Ellender. Dr. Ellender testified that the child had multiple contusions and abrasions with much ecchymosis[1] about the face, neck, chest, abdomen, back, buttocks, thighs, legs and both feet. The child's right foot was severely bruised and prompted the doctor to X-ray the same. The X-ray failed to reveal any broken bones. The doctor further testified that the bruises "were different colors to the different bruises, some that could have happened just recently within one, two or three days, and others with a different color showing that it happened on different days not necessarily the same day". The doctor testified that the bruises were severe.
Mother Marie Blanche, Administrator of the hospital, stated that it was her practice to go to the emergency room of the hospital when unusual cases were admitted. When Frances Elaine was brought to the emergency room Mother Blanche observed "that the child had blue marks, old and new ones, from head to toe, her arms, her legs, her back, her abdomen, even her face had blue marks. Her foot, one foot particularly had very large blue marks. It was very swollen * * *"
When the little girl's condition as thus described was made known to James Frank, Chief of Police of the City of Houma, he directed the officers to return to the home of respondent and to pick up the infant boy, Roger Dale, for the latter's protection. These children remained in the Terrebonne General Hospital overnight and on December 21, 1967 pursuant to the aforementioned order their provisional custody was awarded to the Department.
In rebuttal, respondent denied that she had ever physically mistreated her three year old daughter with the possible exception *188 of one occasion when she might have over disciplined the child when she spanked her with a small plastic belt. Respondent strenuously urged that the child's condition was the result of a "fantastic" series of events which all occurred within two or three days immediately prior to the removal of the children. On one occasion she stated her daughter stumbled and fell partly down the stairs at the apartment. On another occasion she said the child fell out of a back window onto a piece of broken concrete. On another occasion she testified that the child fell from her tricycle when she ran into some garbage cans. She also explained that the child's foot was injured when respondent inadvertently stepped on it while ironing some clothes.
In support of respondent's contention that the children were well cared for two witnesses were called and both testified that Delores Louise Crosby was a good mother to her children and had never in their presence physically abused either one of them and especially the little girl. Both witnesses stated that they were frequent visitors in respondent's home. While one of the witnesses did observe some bruise marks on the body of Frances Elaine neither witness observed that the child was bruised to any degree remotely equal to that as testified and observed by Dr. Ellender and Mother Blanche.
Confronted with the above testimony the trial judge in our opinion was left with no other conclusion but that the little girl had sustained serious bruises under the most suspicious of circumstances which warranted protective action by the court over both children. It is clear to us that the decision of the trial judge was in the best interest of both children.
Respondent urges that the one instance of her possibly over disciplining the child was not legal justification for depriving her of their custody. The evidence clearly refutes the testimony that this child received the aforementioned injuries on one occasion because the bruises were red, blue, yellow and purple indicating that they were sustained on different occasions and days apart.
It is noted that the permanent custody of these children is not forever barred to respondent. They have been placed with the Department for their own protection and also for the purpose of enabling the Department to work with the mother to the end that she and her children may be reunited. The question of custody is always reviewable in matters such as this and upon a change of circumstances and conditions evidencing that it would be in the best interest of the children to return them to the mother. This may be accomplished by application to the court either by the mother or the Department.
Accordingly, for the above and foregoing reasons the judgment of the trial court is affirmed at respondent-appellant's costs.
Affirmed.
NOTES
[1] The escape of blood into the tissues from ruptured blood vessels.