Jacob T. Zukerman*, J.
This is a motion to dismiss a neglect petition filed by a caseworker of the Department of Social Services against the father of Abeena H., four years old (born of the respondent and one Constance H.) and of Melik K., one year old (born of the respondent and Sharon 3L, his paramour).
The petition alleges that the children are neglected in that ‘ ‘ the above children are likely to suffer harm in that another child, Edward H., Jr., also in the home, was abused by the respondent father and was found to be an abused child in this Court on January 29, 1970. Petitioner verily believes that with Edward Jr. removed the above children are likely to become targets of abuse by the respondent father.”
The respondent, in support of his motion to dismiss, contends that the pleading fails to state a cause of action and that *1 proceeding with the case without regard to the fatal defect of the petition is a denial of due process of law.” He argues that the allegations in a neglect petition must be specific and must relate to a condition now existing and not one existing sometime in the past. He cites Marks v. Grenier (165 Misc. 784) and Matter of Vulon (56 Misc 2d 19). He maintains that the allegations in this petition relate to a condition existing some time in the past (at least five months before) and that there is no allegation that in the subsequent five months the respondent father perpetrated any abusive conduct.
*966 The petitioner, in opposition to the motion, argues there is no denial of due process, since there has been, proper notice and the right to be heard. She contends that the petition properly states a cause of action, in that the ‘ ‘ potential for her lies in the psychology of the abusing parent. The problem is not alleviated by the mere passage of time ’ ’. She cites a statement by Dr. Bay E. Heifer, coeditor of The Battered Child (University of Chicago Press, 1968), an authority on child abuse, to the effect that it is essential ‘1 for the Court to maintain very close observation of the family after one child is removed.” This observation should be reinforced by a long-term therapeutic program for the parents, which hopefully would have two objectives : 1. Prevent abuse in the remaining children. 2. Eventual return of the child to his home. ‘ ‘ I believe we can say without any hesitation that some form of active supervision and help must be available if the siblings remaining in the family are to be protected. ’ ’
The petitioner further argues that the very fact that there was a finding of abuse against the father in respect to one child is more than sufficient to justify judicial intervention so as to determine whether there is a risk of danger to these children. She feels that the doctrine of judicial intervention demands nothing more,than a rational basis for the court’s intervention.
She maintains also that since, in this particular case, the respondent was not in the home due to incarceration during the five months prior to the filing of the petition, there was not opportunity for any abuse.
The court is inclined to agree with the petitioner herein. Every effort must be made to protect children in homes in which there has been some evidence of abuse. The State Legislature apparently felt that this was essential, by including in the new Child Protective Proceedings article of the Family Court Act a rule of evidence, making admissible proof of prior abuse in a proceeding concerning the subsequent abuse of another child in the same family (Family Ct. Act, § 1046, subd. [a], par. [i]).
A similar case was decided by the Court of Appeals in Louisiana, which held that inflicted bruises on one child supported a finding of unfitness of the mother so that all children may be taken from custody. (Matter of State ex rel. Thaxton, 220 So. 2d 184 [La., 1969].)
It has been stated by Dr. Heifer and other writers on the subject of child abuse that the child abuse syndrome is such that it is very likely when an abused child is removed from the home that another child in the home may become the object of abuse by the parent. •
*967 In this proceeding the petitioner should be given the opportunity of establishing her case. I find that the petition herein properly states a cause of action for neglect.
The motion to dismiss is denied.
Since the issue raised herein is so important to the development of this area of law, I would hope that, should there be an application for leave to appeal from this decision, that such leave will be granted.