Shirley Wohl Kram, J.
This is a petition charging neglect of “ Baby Boy ” Santos, also known as Rodriquez, a later-born child, based upon a finding of abuse and neglect of an older child in the same household.
On February 17, 1972, Maria Santos the child of the respondent mother herein and one Roberto Santos, was declared abused and neglected by respondent mother Angela Hernandez. At the time of the occurrence the mother was living with Victor Rodriquez, the father of the male child who is the subject of this proceeding.
The hospital records (Family Ct. Act, § 1046, subd. [a], par. [iv]), as well as reports filed pursuant to section 383-a of the Social Services Law (Family Ot. Act, § 1046, subd. [a], par. [v]) indicate that on August 27, 1971 child Maria, eight months of age, was admitted to the emergency room at St. Luke’s Hospital because of a depression on the right side of the child’s head. Photographs made by the hospital staff on this date show the depression in the skull to be several inches in width and fairly deep. The diagnosis of the examining physician was ‘ fracture of the right side of the skull, as well as fractures of the second, third and fourth metacarpals of the right hand, and an old ecchymosis under the right eye ”, In layman’s language, a black eye which was in the process of healing. Maria was brought to the hospital because a friend of the mother noticed the depressed area in the child’s skull. Respondent mother explained this was the first time she saw the injury and believed it occurred when the child fell back in her crib on to the mattress, striking her head on a toy. The doctor testified, as does the hospital record indicate, that there was no pericranial swelling. This in the doctor’s opinion suggests an old process ’ ’ which could not have occurred in the manner described by the mother.
The injury to the child’s eye, according to the mother, was caused by the child poking a toy into her eye. The mother further explained that the fracture of the hand occurred when the little girl slept with her hand behind her back.
An operation was performed at St. Luke’s on August 30, to elevate the parietal skull fracture.
When one child has been abused, discretion must be exercised to protect other children in a household, or those about to become members of the household. The hearing as to the abuse and neglect of the little girl on February 17, 1972 was a lengthy one at which the respondent mother testified, and the finding as a result of such hearing is sufficient to support the *791 conclusion that “ Baby Boy” is likely to suffer serious harm in a household such as this. The record indicates that in the abuse case concerning the older child, the finding by the Trial Judge was made and stated specifically as “beyond a reasonable doubt”. In view of paragraph (i) of subdivision (a) of section 1046 of the Family Court Act which states that in a fact-finding hearing any determination that the child is abused or neglected must be based on a preponderance of the evidence (Matter of Young, 50 Misc 2d 271), the indications here are that the evidence was so compelling and convincing, the Trial Judge found this level of proof present.
It has been the experience of the court, as well as authorities in the subject of child abuse, that there is in effect a “child abuse syndrome ” and that when one abused child is removed from the home, that another child in the home may become the object of abuse by the parent (Dr. Bay E. Heifer, “ The Battered Child”, Univ. Press 1968; Matter of Abeena H., 64 Misc 2d 965).
In Matter of State ex rel. v. Thraxton, decided by the Court of Appeal in Louisiana, First Circuit, March, 1969 (220 So. 2d 184), the judgment of the trial court was affirmed in its finding that the older of two children was the victim of harsh and brutal treatment at the hands of the mother and this warranted the removal of both children. Accordingly, both children were declared neglected and the mother deprived of custody.
In child protective proceedings it is the function of the trial court to determine not only that neglect or abuse exist, but also whether it is likely to exist. (Matter of Abeena H., supra.) The court is sitting as parens patriae in a matter such as this (Finlay v. Finlay, 240 N. Y. 429), and cannot be limited to conditions already existing or activities which occurred in the past, but must of necessity concern itself with events that might occur should certain conditions continue. It is the obligation of this court not to expose this newborn child to the hazard of parents who pose an “ imminent risk ” to this infant’s life or health, despite the lack of any evidence that there has been any neglect of this newborn who in fact was never in the care of the respondent parents. A neglect petition was filed by the petitioner, a caseworker with the Department of Social Services five days after the child’s birth.
It should also be noted that both in the case of the older child as well as this case, both the parents necessitated the issuance of numerous warrants by the court to compel their presence at the hearing. The respondents were referred to counsel on *792 several occasions at their own request and on several occasions at the direction of the court, but repeatedly neglected to follow through on the referral. In this proceeding the respondent father, on two separate occasions, behaved in an argumentative and disruptive manner in the courtroom and waiting room. This court issued a temporary order of protection on April 3, 1972, and subsequently extended same to June 20,1972, ordering respondents not to interfere with the custody of “ Baby Boy ”. There is as well an order of protection currently in existence prohibiting respondent mother from interfering with the custody of the other child. The mother is denied visitation with the child at the present time. The foregoing further reinforces the opinion of this court, that these respondent parents are immature, hostile people, totally unable to provide the care and protection required by this newborn child at the present time.
Accordingly, it is the finding of this court that the allegations of this petition have been proven by a preponderance of the proof.
The court herewith orders a full probation investigation and report to the court. Further, as part of such investigation both respondents are to have psychiatric and psychological examinations to determine whether at ■some future time, with appropriate therapy and assistance the parents may be able to assume the care of their child.