GARRISON, Judge.
This is an appeal from a District Court judgment rendered on April 20, 1979 in which the court denied a rule to change custody filed by the parents of Stacy Edler. In a prior hearing, the court had removed Stacy from the custody of her parents, placing her with the Division of Family Services. The court additionally requested that Mrs. Edler consult the Norco Mental Health Center for a period of at least one year as a condition to the rendition of the prior consent decree.
The Division of Family Services placed Stacy in the care of her aunt and uncle, Donald and Gerryl Edler Bourgeois, during the one year period. At the end of that period, the court, in response to Mr. and Mrs. Edler’s rule, rendered judgment continuing custody in Mr. and Mrs. Bourgeois. We affirm the judgment which is appealed by Mr. and Mrs. Edler.
The deprivation of a parent of his child is a harsh proceeding. Thus, our law provides that a parent is entitled to custody unless it is shown by competent evidence that he is morally, mentally or otherwise unfit or incapable for caring for the child. In re State in the Interest of Elliott, 206 So.2d 802 (La.App. 2nd, 1968). It is also well settled that the parent’s right of custody is subject to the authority of the State to deprive him thereof, if he is morally, mentally or otherwise unfit or incapable of caring of the child or if the child’s welfare so requires. State ex rel. Rothrock v. Webber, 245 La. 901, 161 So.2d 759; State ex rel. Brode v. Hatcher, 233 La. 636, 97 So.2d 422; State ex rel. Paul v. Dept. of Public Welfare, 170 So.2d 549 (La.App. 3rd, 1965).
*269 In the instant appeal, the State has presented a strong case proving that Mrs. Edler’s mental condition is such that it would be detrimental to Stacy’s well-being to permit her to live with the mother. In cases involving the custody of children, a great deal of discretion is accorded to the trial judge and his decision will not be reversed except in the clearest case of abuse of such discretion. In re State ex rel. Thaxton, 220 So.2d 184 (La.App. 1st, 1969). We cannot conclude that the trial judge abused the discretion granted him in this determination. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.