IN THE MATTER OF ASHLEY NICHOLSON, D.O.B. 12/10/87

IN THE MATTER OF TIFFANY LIZZIE FORD, D.O.B. 02/27/92

No. 9310DC257

(Filed 15 March 1994)

**Parent and Child § 99 (NCI4th)— neglected juvenile—abuse of sibling—relevant, but not conclusive**

The trial court did not abuse its discretion in dismissing a Department of Social Services petition alleging Ashley Nicholson to be a neglected juvenile where Ashley's half-brother had died due to shaken baby syndrome; her mother and step-father had been arrested for manslaughter but returned home; a half-sister, Tiffany Ford, was born; Ashley's step-father pled guilty to involuntary manslaughter and charges were dismissed against her mother; there was no evidence of abuse of Ashley by either parent; Ashley was three and a half years old and Tiffany three months old when DSS filed its petition; shaken-baby syndrome is most deadly to infants under six months of age; and the court determined that Tiffany was at risk but that Ashley was not and dismissed the petition as to Ashley. While it is clear from N.C.G.S. § 7A-517(21) that evidence of abuse of another child in the home is relevant in determining whether a child is a neglected juvenile, the statute does not require the removal of all other children from the home once a child has either died or been subjected to sexual or severe physical abuse.

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 24, 29.

Appeal by Wake County Department of Social Services from order entered 10 November 1992, signed 14 December 1992, by Judge Joyce A. Hamilton in Wake County District Court. Heard in the Court of Appeals 6 January 1994.

*Anne W. Brill, Assistant Wake County Attorney, for Wake County Department of Social Services, petitioner-appellant.*

*Kevin Leon Byrd for Lois Ford, respondent-appellee.*

*Lou A. Newman, Wake County Guardian ad Litem Program, for Guardian ad Litem Suprena Jones, respondent-appellee.*

LEWIS, Judge.

By this appeal the Wake County Department of Social Services (hereinafter "DSS") challenges the trial court's dismissal of a petition alleging Ashley Nicholson to be a neglected juvenile. Ashley is the daughter of respondent Lois Ford and the step-daughter of respondent Michael Ford.

The events leading up to this case began with the November 1990 death of Ashley's half-brother, Nicholas Ford, due to shaken-baby syndrome. In June 1991, Michael and Lois Ford were arrested on charges of manslaughter for the death of Nicholas. Ashley was placed with a relative until Lois Ford was released from jail in mid-June 1991, when Ashley returned home. One month later Michael Ford was released from jail. When DSS discovered that Michael Ford had returned home, it determined that Ashley was at risk. After unsuccessful attempts to formulate a protective plan with Lois Ford, DSS filed a petition in July 1991 alleging that Ashley was a neglected juvenile.

Tiffany Lizzie Ford, Ashley's half-sister, was born in February 1992, after Nicholas' death but before any adjudication as to DSS' petition regarding Ashley. When DSS learned of Tiffany's existence, it filed a petition, in June 1992, alleging Tiffany to be neglected also. On 24 March 1992 Michael Ford pled guilty to involuntary manslaughter, and the charges against Lois Ford were dismissed.

The district court held hearings on the petitions regarding both Ashley and Tiffany in October and November 1992. The evidence offered showed that Ashley and her mother had lived with Michael Ford since Ashley was one month old, and that Michael Ford was her primary caretaker. Lois Ford expressed no hesitation in allowing her husband to care for Ashley, explaining that Michael's plea to involuntary manslaughter meant only that Nicholas' death was accidental and Michael wanted to avoid prison. Both Lois and Michael Ford disagreed with expert medical testimony that Nicholas' death was caused by some sort of blunt trauma in addition to shaken-baby syndrome.

The court dismissed DSS' petition as to Ashley, but found neglect as to Tiffany. The court noted that there was no evidence of abuse of Ashley by either parent and that Ashley was three and a half years old when DSS filed its petition. Tiffany, however, was only three months old when DSS filed its petition. The court

IN RE NICHOLSON AND FORD

[114 N.C. App. 91 (1994)]

noted that shaken-baby syndrome is most deadly to infants under six months of age. Thus, the court determined that although Tiffany was at risk for that type of abuse because of her age, Ashley was not. DSS now appeals the court's determination regarding Ashley, arguing that the evidence was sufficient to establish neglect.

DSS first points out that evidence of abuse of one sibling can constitute sufficient evidence of neglect of another. According to the statutory definition of a neglected juvenile,

> [i]n determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of abuse or neglect or lives in a home where another juvenile has been subjected to sexual abuse or severe physical abuse by an adult who regularly lives in the home.

N.C.G.S. § 7A-517(21) (Cum. Supp. 1993). By citing cases from other jurisdictions, DSS develops the argument that the fact of abuse of one child should mandate a finding of neglect of any remaining children in the home. DSS also points out that, under North Carolina law, risk of neglect is an important factor in determining whether a child is a neglected juvenile. *In re Evans*, 81 N.C. App. 449, 344 S.E.2d 325 (1986). DSS notes that at the time of the court's adjudication, both Michael and Lois Ford were charged with manslaughter, and both rejected the medical conclusions as to the cause of Nicholas' death. Furthermore, Lois Ford testified that she felt comfortable with Michael as Ashley's caretaker. DSS emphasizes that, once an abused child is removed from a home, any remaining children may be subject to abuse. *See In re Abeena H. and Melik K.*, 316 N.Y.S.2d 16 (1970).

DSS further contends that Ashley was in no less danger than Tiffany, who was removed from the home. Although shaken-baby syndrome is most harmful to infants under six months of age, and Ashley was three and a half years old at the time of DSS' petition, DSS contends that Ashley is at risk because the medical evidence established that Nicholas' injuries were the result of a "substantial degree of force." Ashley therefore lived in an environment injurious to her welfare. *See* § 7A-517(21). Moreover, although Michael Ford had only been charged with manslaughter at the time DSS filed its petition, by the time of the adjudication, he had been convicted of involuntary manslaughter.

It is clear from section 7A-517(21) that evidence of abuse of another child in the home is relevant in determining whether a child is a neglected juvenile. However, it is also clear that the statute does not mandate the result requested by DSS. It does not require the removal of all other children from the home once a child has either died or been subjected to sexual or severe physical abuse. Rather, the statute affords the trial judge some discretion in determining the weight to be given such evidence. We believe the trial court in the case at hand complied with the statute and considered the evidence as a relevant factor in determining whether Ashley was a neglected juvenile. In reaching its decision, the court set forth the facts surrounding Nicholas' death, and noted that there is no threat of shaken-baby syndrome as to Ashley, and that there is no evidence that Ashley was ever abused.

We conclude that the trial court did not abuse its discretion in dismissing DSS' petition as to Ashley Nicholson.

Affirmed.

Judges ORR and JOHN concur.