IN THE MATTER OF A.W. (DOB: 10/30/98); E.W. (DOB: 10/24/00)

No. COA03-632

(Filed 1 June 2004)

**Child Abuse and Neglect— neglect—clear, cogent, and convincing evidence**

The trial court erred in a child neglect adjudicatory hearing by entering findings of fact not proved by clear, cogent, and convincing evidence even though respondent mother denied the allegations without contesting them, because: (1) the Department of Social Services (DSS) still had the burden of proving by clear, cogent, and convincing evidence the allegations contained in the petition; and (2) DSS did not present any evidence by which the trial court could make findings of fact or conclusions of law.

IN RE A.W.; E.W.

[164 N.C. App. 593 (2004)]

Appeal by respondent from judgment entered 27 December 2002 by Judge Marvin Pope, Jr. in Buncombe County District Court. Heard in the Court of Appeals 15 March 2004.

*Hall & Hall Attorneys at Law, PC by Douglas L. Hall for respondent-appellant.*

*Charlotte A. Wade for petitioner-appellee.*

*Michael N. Tousey for guardian ad litem-appellee.*

TIMMONS-GOODSON, Judge.

K.S. ("respondent") appeals an order of the trial court adjudicating her biological children, A.W. and E.W., neglected and granting guardianship of the children to their paternal grandparents. For the reasons stated herein, we vacate the order of the trial court and remand the case for a new trial.

The pertinent factual and procedural history of this case is as follows: On 27 June 2002, the Buncombe County Department of Social Services ("DSS") filed a petition alleging that the minor children were neglected in that they lived in an environment injurious to their welfare. The petition alleged that on or about 19 December 2001, DSS found conditions at the home that respondent shared with A.W., E.W., and the children's biological father, L.K.W., to be "unsanitary" and "hazardous." The children were voluntarily placed with their paternal grandmother and her husband while respondent and the children's father were referred to a substance abuse treatment program. From that time until the hearing at issue on appeal, respondent had no contact with the children.

At the adjudication and disposition hearing, DSS sought to grant guardianship of the children to their grandparents. At the hearing, respondent stated that she denied the allegations of neglect "without contesting them." The trial court entered an order adjudicating A.W and E.W. as neglected, and granted guardianship of the children to their grandparents. It is from this order that respondent appeals.

––––––––––

The dispositive issue on appeal is whether the trial court's findings that the children were neglected are supported by clear, cogent and convincing evidence where respondent denied the allegations "without contesting them."

Respondent asserts that although she denied the allegations, "without contesting them," DSS still had the burden of proving by

clear, cogent and convincing evidence the allegations contained in the petition. We agree.

The Juvenile Code contained in our General Statutes provides that an adjudicatory hearing is "a judicial process designed to adjudicate the existence or nonexistence of any of the conditions alleged in a petition." N.C. Gen. Stat. § 7B-802 (2003). The trial court is obligated during the adjudicatory hearing to "protect the rights of the juvenile and the juvenile's parent to assure due process of law." *Id.* "The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2003).

> If the court finds that the allegations in the petition have been proven by clear and convincing evidence, the court shall so state. If the court finds that the allegations have not been proven, the court shall dismiss the petition with prejudice . . . . The adjudicatory order shall be in writing and shall contain appropriate findings of fact and conclusions of law.

N.C. Gen. Stat. § 7B-807 (2003).

> A neglected juvenile is defined by statute as a juvenile who
>
> does not receive proper care, supervision, or discipline from the juvenile's parent; . . . who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2003). "An adjudication of abuse, neglect or dependency in the absence of an adjudicatory hearing is permitted only in very limited circumstances." *In re Shaw*, 152 N.C. App. 126, 129, 566 S.E.2d 744, 746 (2002).

In the present case, DSS did not present any evidence by which the trial court could make findings of fact or conclusions of law. The extent of the adjudicatory phase of the hearing is as follows:

DSS:        This is the West matter on Margin 4 of the calendar. Anyone involved in the West matter please come into the courtroom at this time. [Respondent's counsel] just informed me that with respect to the allegations alleged, that the client would deny but not contest.

Court:        Okay.

DSS:          It is my understanding in speaking with Ms. Shade who represents the caregiver, that she consents—or has no objections to anything.

Respondent:   There's no allegations, Your Honor.

Court:        Okay.

DSS:          Your Honor, we're ready to proceed on dispositioning.

Nevertheless, the trial court entered the following pertinent findings of fact on adjudication:

6. That the Court was informed that [K.S.] denies, but does not contest, that the minor children are neglected children based on the allegations contained in the Juvenile Petitions.

7. That on or about December 19, 2001, the Buncombe County Department of Social Services substantiated neglect due to the minor children residing in a home where parent's [sic] engaged in substance abuse. In addition, there were concerns about the condition of the home, including broken glass, unsafe steps to the entry to the home, trash piled up to the point of limiting one's ability to walk in the home as well as outside the home. The Buncombe County Department of Social Services substantiated that the parent's [sic] created an injurious environment for their children by allowing their children to reside in a hazardous environment with their drug use and the unsanitary conditions of the home. The children were voluntarily placed with the paternal grandparents in a kinship placement on December 19, 2001. And the parent's [sic] were referred to Blue Ridge Center for a Substance Abuse assessment and/or treatment. The case plan also included that the parents maintain a safe and secure home for the children. Since December 19, 2001, the parents moved several times and at the time of the filing of the juvenile petitions their whereabouts were unknown. The parents also refused to comply with the recommendations of the Buncombe County Department of Social Services to address their substance abuse issues by not keeping scheduled appointments, submitting to drug and alcohol assessments, and remaining drug/alcohol free. The parents failed to provide emotional and

**IN RE A.W.; E.W.**

[164 N.C. App. 593 (2004)]

physical care for their children, the parents have not had contact with the children since December 2001 when the children were placed in a kinship placement.

8. That based on the above findings of fact the minor children are neglected children as defined by N.C.G.S. §7B-101, due to the children living in an environment injurious to their welfare due to the substance abuse problems of their parents and the unsanitary condition of the home.

Finding of fact number 7 recites verbatim the Summary of DSS Intervention with Family provided in the DSS's Dispositional Report to the Court. However, this report was not introduced into evidence during the brief adjudicatory phase of the hearing. A trial court may not find as fact that which was not presented as evidence at trial. *Cf. State v. Fernandez*, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997) ("The trial court's findings of fact must be supported by the evidence."). Likewise, where there is no evidence presented at an adjudicatory hearing, the trial court cannot make findings of fact based on clear and convincing evidence. *See In re Ellis*, 135 N.C. App. 338, 342, 520 S.E.2d 118, 121 (1999) (Affirming a trial court's finding of fact that there was insufficient evidence to support a finding of neglect or abuse). For these reasons, we hold that the trial court erred by entering findings of fact not proved by clear, cogent and convincing evidence. Accordingly, we hereby reverse the judgment of the trial court and remand the case for trial.

Reversed and remanded.

Judges LEVINSON and THORNBURG concur.