IN THE MATTER OF: J.M., I.T., Jr., E.T. Minor Children.
No. COA09-757.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Dana B. Southard for Onslow County Department of Social Services, petitioner-appellee.
Peter Wood for respondent-appellant.
ELMORE, Judge.
Respondent-mother appeals from the trial court's adjudication order finding J.M. to be an abused and neglected juvenile and I.T., Jr., and E.T. to be neglected juveniles. Respondent-mother also appeals from the disposition order which ordered she have no contact with the children.
On 3 July 2007, the Onslow County Department of Social Services (DSS) filed a juvenile petition alleging that J.M. was an abused and neglected juvenile and that I.T., Jr., and E.T. were neglected juveniles. The petition alleged that on or about 12 February 2007 respondent-mother struck J.M. several times about his back and arms with a fly swatter and stated that respondent-mother was convicted of misdemeanor child abuse on or about 12 April 2007.
Pursuant to a report received on or about 20 July 2007, DSS filed a juvenile petition alleging abuse and neglect on 16 November 2007. Specifically, the petition alleged that J.M. had disclosed that his stepfather, I.T., Sr., had sexually abused him both orally and anally over the course of the preceding two years. J.M. underwent a Child Forensic Examination that resulted in findings of sexual abuse of J.M. by I.T., Sr.
An adjudication hearing was held on 17 November 2008. By order entered 26 March 2009, J.M. was adjudicated an abused and neglected juvenile, and I.T., Jr., and E.T. were adjudicated neglected juveniles. The disposition hearing was held on 9 February and 5 March 2009. By order entered 24 April 2009, the trial court continued custody of the children with DSS and ordered that respondent-mother have no contact with the children of any kind. From these orders, respondent-mother appeals.
Respondent-mother argues that the trial court erred when it found that I.T., Jr., and E.T. were neglected juveniles because the findings of fact supporting this conclusion were not supported by clear, cogent, and convincing evidence. Respondent-mother contends that petitioner presented no evidence that I.T., Jr., or E.T. were in the house when J.M. was sexually abused, that they were aware of the abuse, or that anyone other than J.M. was in danger from the abuse. Therefore, asserts respondent-mother, any finding that I.T., Jr., and E.T. were neglected is not supported by clear, cogent, and convincing evidence.
"In a non-jury neglect adjudication, the trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." In re Helms, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997). The determination that a child is a neglected juvenile within the meaning of N.C. Gen. Stat. § 7B-101 is a conclusion of law fully reviewable on appeal. Id. at 510, 491 S.E.2d at 675-76.
A neglected juvenile is defined as:
A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2007).
In the case sub judice, the trial court found that the children were residing in a foster home due to a previous adjudication of abuse of J.M. and neglect of all three children, and that they were receiving court-ordered therapy. The trial court also found that J.M. had been sexually abused by his stepfather, I.T., Sr., over the course of the past two years. Respondent-mother does not challenge these findings. Accordingly, these findings are deemed to be supported by competent evidence and are binding on appeal. Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).
We note that the statutory definition of a neglected juvenile provides that "[i]n determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile . . . lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home." N.C. Gen. Stat. § 7B-101(15) (2007). This Court has also stated that, "in determining whether a parent has neglected a juvenile, a prior adjudication of neglect involving that parent is a relevant factor to consider, and `the trial judge [is afforded] some discretion in determining the weight to be given such evidence.'" In re E.N.S., 164 N.C. App. 146, 150, 595 S.E.2d 167, 169 (quoting In re Nicholson and Ford, 114 N.C. App. 91, 94, 440 S.E.2d 852, 854 (1994)). Moreover, "[i]n cases of this sort, the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." In re McLean, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999). Therefore, based on the historical facts in this case, the trial court "was permitted, although not required, to conclude that [I.T., Jr., and E.T. were] neglected." In re P.M., 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005). This argument is thus overruled.
Respondent-mother also argues that the trial court abused its discretion by banning all contact between her and the children. Respondent-mother contends that the evidence and findings do not support this decision.
"Any dispositional order . . . under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2007).
In this case, all three children are in therapy, and their therapists testified at the hearing. J.M.'s therapist testified that J.M. was afraid of respondent-mother. She indicated that any contact with respondent-mother by J.M. would negate the therapeutic process. The therapist further indicated that J.M.'s visits with respondent-mother "brought another stressor or another problem that we had to work through." Likewise, the therapist for I.T., Jr., and E.T. testified that contact or visitation with respondent-mother would be a "step backwards" and there would be a regression in their behaviors. The therapist testified about a chance meeting between the children and respondent-mother at the airport. The therapist testified that within days of the chance meeting, aggression and behaviors were observed, including incidents of I.T., Jr., wetting himself. The evidence tended to show that the children progressed in their therapy when contact with respondent-mother was ceased. We therefore conclude that the trial court did not abuse its discretion. See In re J.S., 182 N.C. App. 79, 86-87, 641 S.E.2d 395, 399 (2007). This argument is overruled. Accordingly, the orders of the trial court are affirmed.
Affirmed.
Chief Judge MARTIN and Judge BEASLEY concur.
Report per Rule 30(e).